UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROOFTOP DIGITAL IMAGING, LLC, | Case No. 2:18-cv-526 JCM (PAL) |
| Plaintiff(s), | TEMPORARY RESTRAINING ORDER |
| v. | |
| PARAMOUNT VISUJALS COMPANY, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Rooftop Digital Imaging, LLC v. Paramount Visuals Company, Inc.*, case number 2:18-cv-00526-JCM-PAL.

Plaintiff Rooftop Digital Imaging, LLC ("plaintiff") has filed a motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and NRS 33.010. (ECF No. 1).

Plaintiff alleges that defendant Paramount Visuals Company, Inc. ("defendant") is contacting vendors or current and former clients of plaintiff's and is representing to third parties that it has ownership interest in plaintiff and that is has authority to act on behalf of plaintiff. *Id.*

This case arises out of a breakdown in negotiations between plaintiff and defendant relating to a potential buyout/merger of the two companies. (ECF No. 1). An agreement to agree was executed by the parties setting forth preliminary terms and obligations of each party to begin the buyout/merger process. *Id.*

On September 3, 2017, the parties entered into a non-disclosure agreement ("NDA"). (ECF No 1). Pursuant to the NDA, defendant was to maintain confidential information it obtained through its dealings with plaintiff. *Id.* Plaintiff provided defendant with significant confidential information relating to customer lists, pricing, and vendors. *Id.*

**James C. Mahan**
**U.S. District Judge**

On December 31, 2017, the parties executed a one-page purchase agreement. (ECF No. 1). Plaintiff argues that the terms of this agreement indicated it was preliminary and that a more detailed agreement including specific terms was to follow. *Id.* No more formal agreement followed. *Id.* Further, at no point did defendant request or pursue a formal transfer of ownership of plaintiff. *Id.*

Plaintiff contends that the basis for the buyout/merger was the purported financial stability defendant offered. (ECF No. 1). In early February 2018, plaintiff began to express concerns as to defendant's ability to meet its financial obligations under the purchase agreement. *Id.* The parties then entered into negotiations to reverse or dissolve the prior agreements. *Id.* These negotiations broke down resulting in defendant retaining counsel. *Id.*

Plaintiff alleges that defendant has been contacting plaintiff's existing clients and directing these clients to make payments directly to defendant. (ECF No. 1). Further, plaintiff contends that defendant told plaintiff's primary vendor, Montroy Sign and Graphic Products ("Montroy"), that defendant owned plaintiff and that Montroy was no longer to deal directly with plaintiff. *Id.*

On March 12, 2018, plaintiff filed its complaint in the Eighth Judicial District Court of the State of Nevada alleging the following causes of action: (1) breach of contract; (2) unjust enrichment; (3) money due and owing; (4) breach of implied covenant and good faith and fair dealing; (5) intentional interference with contractual relationships; (6) intentional interference with prospective economic advantage; (7) fraudulent inducement; and (8) injunctive and declaratory relief. (ECF No. 1). On March 22, 2018, defendant removed the case to federal court. *Id.*

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

James C. Mahan
U.S. District Judge

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id*. at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135 (internal quotations marks omitted).

The court, having considered the complaint, memorandum of law, supporting declarations, and accompanying exhibits, hereby finds that plaintiff is likely to succeed in showing that defendant breached the NDA, that defendant breached the covenant of good faith and fair dealing, and that defendant intentionally interfered with existing and prospective contractual relationships. Defendant contacted third parties, notably plaintiff's vendors and clients, to inform them of defendant's ownership of plaintiff and to redirect payment directly to defendant. (ECF No. 1).

Based on the purchase agreement, plaintiff contends it is unambiguous that no transfer of ownership had taken place yet. *Id.* Further, at the time this law suit was filed in state court, the parties were engaged in efforts to negotiate a dissolution or reversal of their informal relationship. *Id.* Defendant's subsequent actions and communications to third parties as to its purported ownership of plaintiff appear to have been made in bad faith.

Further, plaintiff has adequately demonstrated that defendant's breach of the agreements has and will continue to result in immediate and irreparable injury to plaintiff in the form of loss of income and damage to plaintiff's relationships with its customers. By representing to customers and vendors that defendant is the owner of plaintiff, defendant has caused plaintiff to lose one job valued at $350,000. (ECF No. 1). Plaintiff foresees similar harms to continue if defendant is not enjoined from using the confidential information it gained access to as a result of the buyout/merger negotiations.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 1) be, and the same hereby is, GRANTED consistent with the following.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for **Monday, April 9, 2018, at 1:30 p.m.** in courtroom 6A.

IT IS FURTHER ORDERED that pending the preliminary injunction hearing, defendant is temporarily restrained from the following:

(1) Contacting vendors or clients and former clients of plaintiff;
(2) Representing to any third party that defendant has an ownership interest in plaintiff;
(3) Representing to any third party that defendant has authority to act on behalf of plaintiff or bind the plaintiff in any way.

IT IS FURTHER ORDERED that plaintiff shall serve defendant with the summons, the motion for preliminary injunction and the supporting declarations thereto, and the instant order on or before March 30, 2018. Proof of service shall be filed on or before April 3, 2018.

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that responses, if any, to plaintiff's motion for preliminary injunction shall be filed on or before April 3, 2018. Replies, if any, shall be filed on or before April 6, 2018.

IT IS FURTHER ORDERED that plaintiff shall deposit $1,000.00 with the clerk of the court, as security for this temporary restraining order, on or before March 30, 2018.

IT IS FURTHER ORDERED that this temporary restraining order shall expire fourteen (14) days after entry.

DATED March 26, 2018.

_____
UNITED STATES DISTRICT JUDGE

TIME: __10:15 a.m._____